Mr. Justice Cox
delivered the opinion of the Court:
In this case the plaintiff sues the defendants for that the defendants, by their promissory note, now over due, bearing date on the 25th day of February, 1879, jointly and severally promised to pay to the order of the plaintiff $523.68.
It appears from the evidence that John N. Hoover and Charles Hoover were brothers and, at one time, were in partnership. The debt for which this note was given was contracted by the firm. The defendants say that the partnership was dissolved as far back as 1876. This note is *301 dated In 1879. The debt, besides, is barred by limitations, unless it has been revived'by a new promise.
The claim on the part of the plaintiff is, in the first place, that no notice of dissolution was ever given; and, therefore, quoad the plaintiff, the partnership continued, and that Charles Hoover, one of the partners, made a payment upon the note as late as September 17, 1881, which, of course, implied a new promise, and, therefore, revived it.
The instruction given by the Court’ below was that the jury should find for the defendants, because the note was made after the dissolution of the partnership by one of the partners only, and could not bind his co-defendant, and because the evidence offered was insufficient to overcome the plea of the Statute of Limitations filed by the defendants.
The defendant, John Hoover, pleads non assumpsit and the Statute of Limitations. He denies that he ever executed the note at all. The defendant, Charles Hoover, simply pleads the Statute of Limitations.
It is quite remarkable that the note was never offered in evidence at the trial. No copy of the note is produced. It does not appear that it was signed by John Hoover at all. It does not even appear that it was signed in the partnership name. All that we have in the bill of exceptions is that the son of the plaintiff testifies that he drew up the promissory note in his handwriting and Charles Hoover signed it. He does not say it was signed in the firm name.
Charles Hoover testified that the note in question was made by him, but does not state how he signed it — whether in the firm name or his own name. The case is absolutely without any proof that John Hoover ever was a party to this note; and upon that ground alone the judge was perfectly justified in directing a verdict for the defendants.
Where the suit is on an alleged joint note the plaintiff must prove his case as to both defendants, and cannot even *302 enter a nolle prosequi as to one on failure to prove the note against him.
But apart from that, and assuming, as it seems to have been assumed by the plaintiff’s counsel all through, that it was a firm note, the next question would be whether-there was any promise, after the period of limitations had expired, •or any act of revival by one óf the parties. All we have upon that point is that a collection clerk, named Simpson, who was employed by the plaintiff, entered in his private book 'the following language on the 17th of September, 1881: “Sept. 17. C. Hoover, $2.” The witness was not produced, as he ought to have-been, to prove the nature of this entry; but the entry was made in his private book in the course of business, and the plaintiff copied it into his own regular book.
Of course, to make a payment amount to or imply a new promise, it must appear that the defendant made the payment and that it was made on account of the debt in controversy. It does not appear that “C. Hoover” was the defendant in this case, Charles E. Hoover. Who “ C. Hoover ” was does not appear. It does not appear that the $2 payment was made on account of the note in suit. There is, therefore, a lack of evidence to connect the payment with the note in controversy.
The ruling of the Court below, we think, was correct, and the judgment below is affirmed.